**DOUGLAS, Appellee,**

v.

**BOYKIN, Appellant.**

[Cite as *Douglas v. Boykin* (1997), 121 Ohio App.3d 140.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA97–01–006.

Decided July 7, 1997.

*John F. Holcomb,* Butler County Prosecuting Attorney, and *Linda R. Skuta,* for appellee.

*Robinson & Lipnickey Co., L.P.A.,* and *Susan C. Lipnickey,* for appellant.

WALSH, Judge.

Defendant-appellant, Matthew Boykin, appeals from a ruling of the Butler County Juvenile Court on his Civ.R. 60(B) motion denying relief from judgment for a child support arrearage.

On June 22, 1992, plaintiff-appellee, Trista Douglas, gave birth to Tristen Dante Boykin. On April 26, 1994, the Butler County Child Support Enforcement Agency filed a paternity complaint, on behalf of appellee, alleging that appellant was the natural father of Tristen. According to a magistrate's report, appellant waived his rights to counsel and blood testing and admitted paternity on July 28, 1994. The trial court ordered appellant to pay $20 per week in child support effective April 26, 1994.

Appellant never made a child support payment, and contempt proceedings were initiated against him in June 1995. When appellant appeared at a hearing on July 18, 1995, he requested that counsel be appointed. Appellant appeared at a hearing with his appointed counsel on November 14, 1995 and questioned his paternity for the first time. On November 30, 1995, appellant filed a Civ.R. 60(B) motion to vacate the judgment establishing paternity and the support order of $20 per week.

On November 27, 1996, appellant presented evidence that he was in jail during the time that the baby was conceived and that he was impotent. In addition, appellant presented blood-test results that he received on September 18, 1996,

which excluded him as the father of the minor child. After finding that appellant was not the father, the trial court filed an entry relieving appellant from prospective application of the child support order but held him responsible for the child support arrearage that had accrued from April 26, 1994 to September 18, 1996.

On appeal, appellant assigns the following two assignments of error:

"1. The trial court erred to the prejudice of the defendant–appellant when it failed to appoint counsel to represent him at the beginning of the court of common pleas, juvenile division, proceeding.

"2. The trial court erred to the prejudice of the defendant–appellant in failing to grant defendant–appellant's motion for relief from judgment under Civ.R. 60(B)."

In his first assignment of error, appellant argues that the trial court erred by failing to appoint counsel to represent him at the beginning of the paternity action. An indigent paternity defendant has a constitutional right to appointed counsel when the state is a plaintiff in a paternity action. *State ex rel. Cody v. Toner* (1983), 8 Ohio St.3d 22, 8 OBR 255, 456 N.E.2d 813. A waiver of the right to counsel must be voluntary, knowing, and intelligent. *State v. Gibson* (1976), 45 Ohio St.2d 366, 74 O.O.2d 525, 345 N.E.2d 399. Courts are to indulge every reasonable presumption against the waiver of a fundamental constitutional right, including the right to be represented by counsel. *In re East* (1995), 105 Ohio App.3d 221, 224, 663 N.E.2d 983, 985, quoting *Brewer v. Williams* (1977), 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424. Therefore, a waiver may not be presumed from a silent record. *East* at 224, 663 N.E.2d at 985, citing *Carnley v. Cochran* (1962), 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70. Rather, the waiver must affirmatively appear in the record. *Id.*, citing *State v. Haag* (1976), 49 Ohio App.2d 268, 3 O.O.3d 301, 360 N.E.2d 756.

Initially, we note that this decision is based upon the former version of Juv.R. 37 that was in effect at the time that appellant acknowledged his paternity and waived his rights to counsel and blood testing. The former version of Juv.R. 37 only required a juvenile court to make a record of proceedings upon the request of a party or upon the court's own motion.[1] Thus, unlike Crim.R. 42(C) and

---

1. An amendment to Juv.R. 37, effective July 1, 1996, now requires the juvenile court to record proceedings before a magistrate. Subsection (A) of the rule states:

    "Records of proceedings. The juvenile court shall make a record of adjudicatory and dispositional proceedings in abuse, neglect, dependent, unruly and delinquent cases; and proceedings before magistrates. In all other proceedings governed by these rules, a record shall be made upon request of a party or upon motion of the court. The record shall be taken in shorthand, stenotype, or by any other adequate mechanical, electronic or video recording device."

Crim.R. 22, which expressly require that waivers of counsel be recorded, former Juv.R. 37 did not contain such a mandatory requirement.

Since appellant did not make a request, the record does not contain a transcript of the hearing where appellant entered his acknowledgement and waiver. Appellant now contends that since a transcript does not exist, the record contains no evidence that he waived his right to counsel.

The Eight District Court of Appeals has found a valid waiver of counsel in juvenile proceedings, despite the absence of a transcript. *East*, 105 Ohio App.3d at 225, 663 N.E.2d at 986; see, also, *In re Adams* (Sept. 12, 1996), Cuyahoga App. No. 69887, unreported, 1996 WL 517642. The court expressed its reluctance "to require a transcript to be made in juvenile proceedings, when the rules explicitly do not require one unless a request is made." *East* at 224, 663 N.E.2d at 985. Since the referee's report entry affirmatively stated that a juvenile waived his right to counsel after the referee explained it to him, the court found a valid waiver of counsel. *East* at 224–225, 663 N.E.2d at 985–986; but, see, *In re Kriak* (1986), 30 Ohio App.3d 83, 30 OBR 140, 506 N.E.2d 556 (holding that journal entry indicating the court advised a juvenile of his right to counsel was not adequate to show valid waiver of juvenile's statutory right to counsel).

█ We agree with the Eighth District Court of Appeals that a transcript should not be a mandatory requirement for a valid waiver of counsel in juvenile proceedings under the former version of Juv.R. 37. Moreover, we find that the facts in the present case are analogous to *East* and that the record affirmatively demonstrates that appellant waived his right to counsel despite the absence of a transcript. On the July 28, 1994 report, the magistrate made a handwritten notation stating that appellant "was advised of his right to counsel and blood testing and waived same after being duly sworn and cautioned." The report was signed by appellant. Therefore, we conclude that the record contains affirmative evidence that appellant waived his right to counsel, and the trial court did not err in failing to appoint counsel at the beginning of the paternity action. Accordingly, appellant's first assignment of error is overruled.

█ In his second assignment of error appellant argues that the trial court erred in not granting his Civ.R. 60(B) motion for relief from judgment.[2] A trial court's ruling upon a Civ.R. 60(B) motion will not be reversed absent an abuse of

---

2. Although appellant argues that the trial court erred by "not granting" his Civ.R. 60(B) motion, a review of the entry reveals that the trial court granted partial relief to appellant. After making a finding that appellant was not the father, the trial court relieved appellant from prospective application of the child support but held him responsible for the arrearage that had accrued.

discretion. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564, 566–567. Civ.R. 60(B) provides:

"On motion and upon such terms are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."

In order to prevail on a Civ.R. 60(B) motion, a party must show the following: (1) the party has a meritorious defense or claim to present if relief is granted, (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) the motion is made within a reasonable time, and where the grounds for relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order, or proceeding was entered or taken. *GTE Automatic Elec. v. ARC Industries* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus.

In *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 637 N.E.2d 914, a husband acknowledged paternity in a divorce decree that was entered in 1978. Nine years later, genetic tests excluded the husband as the father and he filed a Civ.R. 60(B) motion for relief from judgment. The Supreme Court held that the husband's motion was properly denied because the genetic tests constituted newly discovered evidence under Civ.R. 60(B)(2) and the motion was not filed within one year after the entry of the divorce decree.

In the present case, appellant requested relief from judgment pursuant to Civ.R. 60(B)(1), (4) and (5). However, like the husband in *Strack*, appellant's motion was based upon newly discovered evidence in the form of genetic tests that excluded him as the father and newly discovered evidence that he was impotent. Therefore, since Civ.R. 60(B)(2) specifically addresses newly discovered evidence, it is the provision of the rule that applies to appellant's claim, and he cannot invoke the less specific provisions of Civ.R. 60(B). See *Strack*, 70 Ohio St.3d at 174, 637 N.E.2d at 915–916.

Since appellant's motion based upon newly discovered evidence was made more than a year after judgment, the refusal of the trial court to grant

retroactive relief to appellant was not an abuse of discretion.[3]  In addition, it would be inequitable to grant appellant retroactive relief for his child support arrearage, because appellee and the child were entitled to rely upon appellant's admission of paternity and the resulting court order for child support during the period that appellant was believed to be the father.  See *Emery v. Emery* (1995), 101 Ohio App.3d 559, 562, 656 N.E.2d 5, 7.  Accordingly, appellant's second assignment of error is overruled.

*Judgment affirmed.*

WILLIAM W. YOUNG, P.J., concurs.

KOEHLER, J., concurs in part and dissents in part.

KOEHLER, Judge, concurring in part and dissenting in part.

In this cause, the court, on appellant's Civ.R. 60(B)(1), (4) and (5) motion, heard testimony and received evidence that appellant was sterile at the time of conception, that he was incarcerated at the time of conception, and that scientific blood testing established that he was not the father of the child.  Further, the court received testimony from the mother that appellant was not the father.

In spite of the great pressure on the court to make somebody beside the state pay for the unfortunate child, the trial court granted appellant's Civ.R. 60(B) motion and vacated the previous finding of paternity.  In this holding of the trial court and the majority in affirming that decision, I agree.

However, I must ask, how can the same motion be allowed on the basis of newly discovered evidence as to paternity and be denied as to Civ.R. 60(B)(4), which requires a showing that it is no longer equitable that the judgment should have prospective application and was filed at a reasonable time but more than one year after the judgment?

Both facets of appellant's motion are based upon newly discovered evidence, and if one is timely filed under *GTE Automatic Elec. v. ARC Industries* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, why not the other?

Once again, the facts will not support the fiction.  I must continue to resist making the Civil Rules the "obligor" for child support, and therefore, I dissent.

---

**3.**  The trial court's decision to relieve appellant of his responsibility for prospective support is not assigned as error by appellee on cross-appeal.  Therefore, it is not necessary for us to consider that aspect of the trial court's decision.