OPINION
Defendant-appellant, Lyle E. Tyree, appeals from a Butler County Court of Common Pleas judgment entry from the domestic relations division granting relief from judgment. We affirm the decision of the trial court.
Appellant and plaintiff-appellee, Paula Tyree, were married on July 20, 1991. During their marriage, Paula gave birth to Michael (DOB 11/17/94). The parties' marriage was dissolved on September 12, 1997, and appellant was ordered to pay $106.92 per week for child support.
On August 14, 1998, the Child Support Enforcement Agency ("CSEA") filed contempt charges against appellant for failing to pay child support and failing to notify the CSEA of his change of address. On April 8, 1999, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B), which requested DNA testing for reason that appellant had learned that Michael had a blood type that made appellant's parentage questionable.
The trial court ordered the parties to submit to DNA testing. The DNA test results excluded appellant as the biological father of Michael. Subsequently, the trial court ordered the CSEA to stop wage deduction and to apply all amounts appellant had paid toward his child support obligations on or after April 8, 1999 to appellant's arrearage. The trial court denied appellant's request to eliminate his arrearage based upon the finding of non-paternity.
Appellant appeals from the trial court's judgment, presenting one assignment of error for our review:
 THE TRIAL COURT ERRED IN ORDERING APPELLANT TO PAY CHILD SUPPORT ARREARAGES THAT HAD ACCRUED SINCE THE DIVORCE UP TO THE TERMINATION OF CHILD SUPPORT OBLIGATION AFTER A POST DECREE FINDING OF NON-PATERNITY.
Appellant contends that where the trial court found that he was not Michael's biological father, it was fundamentally unfair to order him to pay the child support arrearage he had accrued up until the date that appellant filed for relief from judgment.
Absent an abuse of discretion, a trial court's ruling upon a Civ.R. 60(B) motion will not be reversed. Griffey v. Rajan
(1987), 33 Ohio St.3d 75, 77. We find that the resolution of this appeal is controlled by Douglas v. Boykin (1997), 121 Ohio App.3d 140.
In Boykin, the CSEA filed a paternity complaint alleging that Matthew Boykin was the natural father of a minor child. Boykin waived his rights to counsel and blood testing and admitted paternity. Boykin was ordered to pay child support. Boykin never made a child support payment and contempt proceedings were initiated against him. Boykin then obtained counsel and presented evidence that at the time that the child was conceived, Boykin was in jail and was impotent. Also, blood-test results excluded Boykin as the father of the child. The trial court issued a judgment relieving Boykin from prospective application of a child support order but holding him responsible for the child support arrearage that had accrued up until the time he had filed for relief from judgment.
On appeal, this court upheld the trial court's order, finding that the trial court had not abused its discretion by denying Boykin relief from his child support arrearage. We noted the following:
 Since appellant's motion based upon newly discovered evidence was made more than a year after judgment, the refusal of the trial court to grant retroactive relief to appellant was not an abuse of discretion. In addition, it would be inequitable to grant appellant retroactive relief for his child support arrearage, because appellee and the child were entitled to rely upon appellant's admission of paternity and the resulting order for child support during the period that appellant was believed to be the father. (Footnote omitted.)
Boykin, 121 Ohio App.3d at 145-156.
The circumstances of the case sub judice are nearly identical, except that here the order for child support originated in a dissolution rather than in a paternity action. We find that the trial court did not abuse its discretion in ordering that appellant remain responsible for the arrearage accrued before he filed for relief from his child support obligation. The assignment of error is overruled.
 _______________________________ VALEN, J.
YOUNG, P.J., and WALSH, J., concur.