DECISION AND JUDGMENT ENTRY
This is a consolidated appeal from two judgments of the Erie County Court of Common Pleas, Juvenile Division, in a paternity action.[1]
For the reasons stated herein, this court affirms, in part, and reverses, in part, the judgments of the trial court.
Appellant, Frank S., sets forth the following three assignments of error:
 "STATEMENT OF THE ASSIGNMENTS OF ERROR PRESENTED FOR REVIEW
 "1. Against the manifest weight of the evidence, the court found that it had jurisdiction over the Defendant when the Defendant has never been served with a copy of the amended complaint nor presented a written waiver of his right to counsel.
 "2. The Court abused its discretion when it found that the Motion to Vacate had `no merit' and/or in refusing to vacate the judgment.
"3. If the Court truly believed that Mr.
 S[.] had made an appearance, the court abused its discretion is (sic) denying the motion for relief from judgment when Plaintiff did not serve Defendant with adequate written notice prior to the entry of the default judgment in compliance with Civ.R. 55."
The following facts are relevant to this appeal. The complaint in this paternity action was filed on September 22, 1989 by Erie County CSEA ("CSEA") and served by certified mail at appellant's parents' residence where it was signed for by appellant's brother. A motion for default judgment was filed on November 16, 1989 and served by certified mail at appellant's parents' residence where it was signed for by appellant's brother. An amended complaint[2] was filed with leave of court on February 8, 1990; although the amended complaint requested certified mail service on appellant, there is no proof it was so served upon him.[3] On September 21, 1990, CSEA filed a motion to show cause and requested personal service on appellant. On October 1, 1990, the citation was returned indicating that residence service at appellant's parents' residence was made where it was signed for by appellant's brother.
A judgment entry, dated May 16, 1990, references a hearing held on February 28, 1990. The trial court's judgment entry indicates that the plaintiff was represented by the attorney for CSEA and then states: "Upon Defendant's request for H.L.A. blood testing, the Court finds that there is a need for blood tests." There is no notation that appellant was represented by counsel or that his right to counsel was explained to him or that he waived his right to counsel. The blood tests were ordered. The judgment entry indicates that it was submitted to the Defendant for approval and states: "submitted, not returned" and is initialed by the attorney for CSEA who did sign. On September 21, 1990, a motion for an order to show cause was filed by CSEA for appellant's failure to submit to H.L.A. blood testing. On September 25, 1990, an order to show cause was journalized and a hearing set for October 17, 1990, although there is no record that a hearing was held on that date.
On February 27, 1992, the trial court signed a judgment entry establishing a parent-child relationship between appellant and the minor child and ordering child support payments. In 1997, CSEA filed a motion to show cause in regard to appellant's failure to pay the child support as ordered. A hearing was held on December 1, 1998 at which appellant was present and represented by counsel.
A magistrate's decision was filed on December 8, 1998 in which the magistrate found appellant in contempt of court for failure to pay child support as ordered. Appellant timely filed objections but did not file a transcript as required by Civ.R. 53(E)(3)(b). On January 19, 1999, the trial court filed a judgment entry in which it noted that appellant failed to file a transcript of the hearing and overruled appellant's objections. On January 21, 1999, appellant filed a motion to set aside/modify the February 27, 1992 judgment entry which established the parent-child relationship and/or for relief pursuant to Civ.R. 60(B) or Civ.R. 75 ("motion to set aside").
On February 16, 1999, appellant filed a notice of appeal from the January 19, 1999 judgment entry. On March 10, 1999, appellant sought a motion to stay appeal and remand to the trial court for consideration of his motion to set aside. On April 6, 1999, this court granted appellant's motion to remand. On July 22, 1999, the trial court denied appellant's motion to set aside. On July 28, 1999, this court reinstated appellant's appeal. On August 17, 1999, appellant filed a notice of appeal from the trial court's denial of his motion to set aside. On August 24, 1999, this court consolidated the two appeals.
In his first assignment of error, appellant argues that he was not properly served under the civil rules and, therefore, that the trial court did not have jurisdiction over him. This court finds no merit in this assignment of error.
It is an axiomatic principle of law that a court must have personal jurisdiction over a defendant in order to enter a valid judgment. Maryhew v. Yova (1984), 11 Ohio St.3d 154, 156. If appellant did not make an appearance or otherwise waive service and if service of process was improper, the judgment is void and may be set aside. State ex rel. Ballard v. O'Donnell (1990),50 Ohio St.3d 182, 183-184. Personal jurisdiction "* * * may be acquired either by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court." Maryhew v. Yova, Id. See, also, 22 Ohio Jurisprudence 3d (1999) 394, Courts and Judges, Section 264, in which the following is stated:
 "A court may acquire jurisdiction over a person who voluntarily appears, whether in person or through a legal representative, without objecting to a lack of jurisdiction. Characterization of the appearance as general or special is no longer of any significance.
 "* * * A party who makes an appearance in an action without raising such a defense cannot thereafter be heard to object to a lack of personal jurisdiction."
Although appellant argues that the issue in this appeal is whether or not appellant was properly served with a copy of the complaint and/or the amended complaint and, thus, whether the trial court had jurisdiction over him, jurisdiction can be acquired in the absence of proper service. Maryhew v. Yova,11 Ohio St.3d at 156. As the court in Goetz v. First BenefitsAgency, Inc. (Oct. 15, 1997), Summit App. No. 18381, unreported noted:
 "Voluntary participation in the litigation with a view to resolution of the dispute binds the parties so participating. (Citation omitted.) The test of whether there is sufficient participation to constitute a voluntary appearance, aside from objecting to jurisdiction, appears to be whether by the acts done in relation to the litigation the party has sought to utilize the machinery of the court in some affirmative way to serve that party's ends in the resolution of the dispute. (Citation omitted.) (Emphasis added.)"
Additionally, a defendant who addresses the merits of the case will be found to have voluntarily submitted to the court's jurisdiction. See, Garnett v. Garnett (Aug. 7, 1986), Cuyahoga App. No. 50857, unreported. (Defendant found to have voluntarily submitted to the court's jurisdiction when he gave substantive testimony at a hearing and submitted evidence; appellate court found that these later acts were directed at the merits of the case.) See, also, Rapposelli v. Garthoff (June 24, 1988), Lake
App. No. 12-179, unreported. (Defendant found not to have voluntarily submitted to the court's jurisdiction when he addressed procedure, defective service, and did not discuss the merits of the case.) As the Ohio Supreme Court stated inLitsinger Sign Co. v. American Sign Co. (1967), 11 Ohio St.2d 1,18:
 "* * * In the instant case the assertion of defenses on the merits * * * was an invocation of the jurisdiction of the court * * *. A person who denies that a court has jurisdiction and asks relief on that ground cannot ask anything of the court which is inconsistent with the want of such jurisdiction." (Emphasis sic.)
In the case sub judice, appellant appeared before the trial court without objecting that the trial court did not have personal jurisdiction over him.[4] Appellant appeared at a hearing held on February 28, 1990 and requested H.L.A. blood testing and asserted a defense: that he was not the father of the minor child. Therefore, because appellant voluntarily submitted to the court's jurisdiction and asserted a defense addressing the merits of the case, this court need not address appellant's argument in regard to lack of service of process. Jurisdiction was acquired over appellant in the absence of proper service.Maryhew v. Yova, 11 Ohio St.3d at 156.
Accordingly, appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant argues that there is no indication in the record that his right to counsel was explained to him or that his right to counsel was affirmatively waived. This court finds merit in this argument.
In State ex rel. Cody v. Toner (1983), 8 Ohio St.3d 22, syllabus, the Ohio Supreme Court held:
 "The denial of court-appointed counsel for an indigent paternity defendant who faces the state as an adversary, when the complainant-mother and her child are recipients of public assistance, violates the due process guarantees of the Ohio and United States Constitutions."
See, also State ex rel. Asberry v. Payne (1998), 82 Ohio St.3d 44; R.C. 2151.352.[5] Although appellant asserts that he is entitled to court appointed counsel because he is indigent, there is no affidavit of indigency in the record. Notwithstanding the lack of an affidavit of indigency, appellant was still entitled to have his right to counsel explained to him. Furthermore, appellant's voluntary, knowing and intelligent waiver of that right should appear on the record. The appellate court in In reEast (1995), 105 Ohio App.3d 221, 223-224, stated:
 "* * * The court must fully and clearly explain to defendant his right to counsel and the defendant must then affirmatively waive that right on the record. (Citations omitted.)
"* * *
 "In the case herein, the appellant, according to the referee's report/journal entry, entered an admission to the theft of the fishing lures and waived his right to counsel. There is no transcript regarding this stage of the proceedings. According to R.C. 2151.35(A) a transcript is not required unless requested:
 "`A record of all testimony and other oral proceedings in juvenile court shall be made in all proceedings that are held pursuant to section 2151.414 [2151.41.4] of the Revised Code or in which an order or disposition may be made pursuant to division (A)(4) of section 2151.353
[2151.35.3] of the Revised Code, and shall be made upon request in any other proceedings. The record shall be made as provided in section 2301.20 of the Revised Code.'
"Juv.R. 37(A) likewise states:
 "`(A) Recording of hearings. In all juvenile court hearings, upon request of a party, or upon the court's own motion, a complete record of all testimony, or other oral proceedings shall be taken in shorthand, stenotype or by any other adequate mechanical or electronic recording device.'[6]
 "* * * As this Court stated in Garfield Heights v. Brewer (1984), 17 Ohio App.3d 216, 217, 479 N.E.2d 309:
 "`Because courts indulge every reasonable presumption against waiver of fundamental constitutional rights, (Citations omitted) that waiver must affirmatively appear on the record. (Citations omitted.) A knowing and intelligent waiver will not be presumed from a silent record. (Citations omitted.)'" (Emphasis added.)
In East, although there was no transcript of the admission hearing, the record was not silent regarding that defendant's waiver of right to counsel. Id. at 224. The referee's report/journal entry and supplemental report in that case both stated that the defendant was advised of his right to counsel and he chose to waive this right.[7] Id. The court in East was "reluctant to require a transcript to be made in juvenile proceedings, when the rules explicitly do not require one unless a request is made" and noted that:
 "the referee's report/journal entry affirmatively states, that `the referee explained legal rights, procedures, and possible consequences of hearing pursuant to Juvenile Rule 29' at the same point at which it noted that appellant waived counsel. This indicates the referee explained the right to counsel and right to appointment for indigents." Id.
The court in East noted that the Ninth Appellate District in In reKriak (1986), 30 Ohio App.3d 83, held that a journal entry indicating the juvenile waived his right to counsel was not adequate to show that the court explained the juvenile's statutory right to counsel and informed him that counsel would be appointed if he was indigent. Id.
In this case, appellant appeared at a hearing held on February 28, 1990. There is no tape available from that hearing.[8] As noted supra, there is no journal entry indicating that appellant was represented by counsel or that his right to counsel was explained to him or that he waived his right to counsel as the courts had in East or Douglas v. Boykin (1997),121 Ohio App.3d 140. In the case sub judice, the record is devoid of any demonstration that the court explained to appellant his right to counsel and/or that appellant waived his right to counsel.
The waiver of the right to counsel will not be presumed from a silent record. State v. Dyer (1996), 117 Ohio App.3d 92,95. The state bears the burden of overcoming the presumption against waiver. Id. Although generally, a defendant cannot prevail on appeal if there is no transcript of proceedings and the error cannot be shown on the record, in the case of a fundamental constitutional right, the waiver must affirmatively appear on the record. Therefore, the presumption against waiver will prevail.Id. at 96.
When the record is silent as to the accused's right to counsel and waiver because of a missing tape or inaudible tape, the burden is on the state to overcome the presumption against a valid waiver. See, State v. Boughner (Dec. 17, 1999), Geauga App. No. 98-G-2161, unreported. See, also, State v. Hileman (April 6, 1998), Butler App. No. CA96-10-219, unreported. (prosecution could have supplemented the record pursuant to App.R. 9 when no record as to waiver of the defendant's constitutional rights).
In this case, the state did not file an App.R. 9 statement. Therefore, the state did not fulfill its burden to prove appellant's waiver of his right to counsel.
Accordingly, appellant's second assignment of error is found well-taken.
In his third assignment of error, appellant argues that the trial court abused its discretion in denying his motion to set aside the judgment because appellant was not given adequate written notice of the application for default judgment as required by Civ.R. 55(A). This court finds no merit in this assignment of error.
Although a motion for default judgment was filed on November 16, 1989, default judgment was never entered against appellant. On June 14, 1991, a notice of trial on July 17, 1991 was filed. A judgment entry, filed on February 27, 1992, indicated that this case came on for trial on July 17, 1991.
Nowhere in the trial court's decision is there a reference to a "default judgment"; instead the trial court's decision merely recites that the appellant was served and failed to respond. This court must conclude that the hearing on July 21, 1991 was an ex parte trial. Ohio Valley Radiology Assoc., Inc. v.Ohio Valley Hosp. Assn. (1986), 28 Ohio St.3d 118. Since Civ.R. 55 did not apply in the proceeding below, it was not an abuse of discretion for the trial court to proceed with an ex parte trial in the absence of appellant.
In an ex parte trial, the trial court requires the party seeking relief to proceed with the presentation of affirmative proof of the essential elements of a claim in the opponent's absence. Such a procedure is diametrically opposed to the concept of default, which is based upon admission and which therefore obviates the need for proof. This is because ex parte trials, when properly conducted, are truly trials in the sense of the definition contained in R.C. 2311.01. That is, they are "judicial examinations of the issues whether of law or of fact, in an action or proceeding." Ohio Valley, at 122. The court in Ohio Valley, at 122, then stated:
"* * * It is clear that any judgment based upon an ex parte trial is a judgment after trial pursuant to Civ.R. 58, and not a default judgment under Civ.R. 55. Because Civ.R. 55 is by its terms inapplicable to ex parte proceedings, the notice requirements of Civ.R. 55(A) was not applicable to the proceedings below in this case. * * *"
Accordingly, appellant's third assignment of error is found not well-taken.
On consideration whereof, the decision of the Erie Court of Common Pleas, Juvenile Division, is affirmed, in part, and reversed, in part. This case is remanded to the trial court for further proceedings not inconsistent with this opinion. Court costs of this appeal are assessed equally to appellant and appellee.
Peter M. Handwork, J., Richard W. Knepper, P.J.,George M. Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] No brief has been filed by appellee in this case.
[2] The caption of the original complaint indicated as the plaintiff the child's grandmother who had custody rather than the child's mother.
[3] There is a certified receipt of service signed by the child's mother dated February 15, 1990.
[4] Additionally, in his affidavit attached to his motion to set aside, appellant admits that he appeared at a hearing. Although he does not remember when he attended the hearing, appellant admits it could have been on or about February 28, 1990.
[5] R.C. 2151.352 provides:
 "A child, his parents, custodian, or other person in loco parentis of such child is entitled to representation by legal counsel at all stages of the proceedings and if, as an indigent person, he is unable to employ counsel, to have counsel provided for him pursuant to Chapter 120. of the Revised Code. If a party appears without counsel, the court shall ascertain whether he knows of his right to counsel and of his right to be provided with counsel if he is an indigent person. The court may continue the case to enable a party to obtain counsel or to be represented by the county public defender or the joint county public defender and shall provide counsel upon request pursuant to Chapter 120. of the Revised Code."
[6] Juv.R. 37 was amended effective July 1, 1996 and now requires the juvenile court to record proceedings before a magistrate. The former version of Juv.R. 37 only required a juvenile court to make a record upon the request of a party or upon the court's own motion. Because the hearing at issue occurred in 1990, the former version of Juv.R. 37 was in effect.
[7] See, also, Douglas v. Boykin (1997), 121 Ohio App.3d 140,144, in which the appellate court found that a handwritten notation in the record by the magistrate that the defendant was informed of his right to counsel and waived his right to counsel was sufficient to affirmatively demonstrate that the defendant waived his right to counsel despite an absence of a transcript.
[8] Attached to the docketing statement of the first appeal is a letter from the court reporter dated February 12, 1999 informing appellant that there is no tape available for either July 17, 1991 or February 28, 1990 because the tapes have been erased.