[Cite as *Loveridge v. Loveridge*, 2011-Ohio-2611.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

JAMES W. LOVERIDGE,                                    CASE NO. 5-10-37

   PLAINTIFF-APPELLEE,

 v.

FRANCES LOVERIDGE, NKA BALL,                        O P I N I O N

   DEFENDANT-APPELLANT.


**Appeal from Hancock County Common Pleas Court
Trial Court No. 2002 DR 307**

**Judgment Affirmed**

**Date of Decision:  May 31, 2011**


**APPEARANCES:**

   *Drew A. Hanna* **for Appellant**

   *Teresa Glover* **for Appellee**

**SHAW, J.**

{¶1} Appellant, Frances Loveridge nka Ball ("Frances"), appeals the November 18, 2010 judgment of the Hancock County Court of Common Pleas overruling her objections to the magistrate's decision finding that her Motion to Modify Judgment Entry of Divorce was without merit.

{¶2} Frances and Appellee, James W. Loveridge ("James"), were married on April 3, 1993, in Findlay, Ohio. Two children were born during the marriage, Michael Loveridge, born in April of 1994, and Christopher Loveridge, born in August of 1995.

{¶3} On March 27, 2003, the parties divorced. At that time, the parties entered into a shared parenting plan regarding custody of their minor children, which provided for equal parenting with each party having the children every other week. Neither party was obligated to pay child support so long as the shared parenting plan remained in effect.

{¶4} In May of 2004, the parties by Consent Judgment Entry agreed to a modification of the Judgment Entry of Divorce by setting aside the shared parenting plan and designating James the residential parent and legal custodian of their children. Frances was given visitation and ordered to pay child support in the amount of $352.32 a month.

**{¶5}** In August of 2007, Hancock County Child Support Enforcement Agency ("HCCSEA") modified the child support order in place to increase Frances' child support obligation to $599.50 per month. Frances filed objections to HCCSEA's modification of her child support. Frances also filed a Motion to Modify Support claiming that a change in her employment warranted a ten percent reduction in the child support order.

**{¶6}** The parties reached an agreement on the matter of child support which was journalized by the trial court in its April 24, 2008 Judgment Entry. The trial court ordered Frances to pay $599.50 per month for August, September and October of 2007, and the sum of $441.99 per month commencing on November 1, 2007 and continuing each month thereafter.

**{¶7}** On July 2, 2010, Frances filed a Motion to Modify Judgment Entry of Divorce. As the basis for her motion, Frances alleged that James was not the father of their oldest child, Michael, and requested the trial court order genetic testing. Frances also requested that the trial court modify the Judgment Entry of Divorce if the testing excluded James as Michael's biological father. In a supplemental memorandum of law accompanying her motion, Frances argued that she is entitled to relief from judgment pursuant to Civ.R. 60(B).

Case No. 5-10-37

{¶8} On September 23, 2010, HCCSEA filed a Motion to Show Cause alleging that Frances had failed to pay child support as previously ordered, and requested that she be held in contempt for failing to comply with the court's order.

{¶9} On October 6, 2010, the magistrate issued his decision recommending that the trial court overrule Frances' Motion to Modify Judgment Entry of Divorce, stating that Frances failed to present any operative facts for the magistrate to conclude that she has a meritorious claim and that she is entitled to relief under Civ.R. 60(B). Frances subsequently filed objections to the magistrate's decision. On November 18, 2010, the trial court overruled Frances' objections and denied her motion.

{¶10} Frances now appeals, asserting the following assignment of error.

### ASSIGNMENT OF ERROR

**IT IS ERROR FOR THE COURT TO DENY APPELLANT/DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT AND FOR GENETIC TESTING.**

{¶11} Frances' Motion to Modify Judgment Entry of Divorce states the following, in its entirety:

> **Defendant requests the Judgment Entry of Divorce of March 27, 2003 be modified as to the alleged paternity of Plaintiff of Michael Loveridge [], since Plaintiff is not the father of this child.**

> **Defendant requests the Court order genetic testing as to paternity of Michael Loveridge, and if the genetic testing excludes Plaintiff as the father of Michael Loveridge appropriate modifications be made to the Judgment Entry of Divorce of March 27, 2003.**
>
> **Defendant agrees to be responsible for the cost of the genetic testing.**

(Def. Mot. July 2, 2010).

**{¶12}** Based upon this motion, Frances subsequently requested relief from judgment pursuant to Civ.R. 60(B)(4), which permits the court to relieve a party from a final judgment when "it is no longer equitable that the judgment has prospective application." Civ.R. 60(B)(4). "The decision to grant or deny a motion to vacate judgment pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of discretion." *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 174, 637 N.E.2d 914. An abuse of discretion means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

**{¶13}** Initially, we acknowledge that trial courts may utilize Civ.R. 60(B) to modify domestic relations decrees. *Osborne v. Osborn* (1992), 81 Ohio App.3d 666, 671, 611 N.E.2d 1003. In order to prevail on a Civ.R. 60(B) motion, a party must show 1) a meritorious defense or claim to present if relief is granted; 2) the party is entitled to relief under one of the five enumerated grounds stated in Civ.R.

60(B)(1) through (5); and 3) the motion is made within a reasonable time. *In re Whitman*, 81 Ohio St.3d 239, 242, 690 N.E.2d 535, 1998-Ohio-466; *Douglas v. Boykin* (1997), 121 Ohio App.3d 140, 145, 699 N.E.2d 123. The elements entitling a movant to Civ.R. 60(B) relief "are independent and in the conjunctive; thus, the test is not fulfilled if any one of the requirements is not met." *Strack*, supra, 70 Ohio St.3d at 174, 637 N.E.2d at 915.

{¶14} First, Frances failed to present *any* operative facts to support her allegation that she has a meritorious defense or claim to present in the event that she is afforded Civ.R. 60(B) relief. Rather, Frances simply asserts that James is not Michael's father. Noticeably, absent from Frances' motion is any basis to support her claim that James is not the biological father, or any identification of who may be Michael's father in the alternative.

{¶15} Next, Frances attempts to satisfy the second requirement by arguing that she is entitled to relief under the specific grounds enumerated in Civ.R. 60(B)(4). However, the Ohio Supreme Court has held that Civ.R. 60(B)(4) applies "to those who have been prospectively subjected to circumstances which they had no opportunity to foresee or control." *Knapp v. Knapp* (1986), 24 Ohio St.3d 141, 493 N.E.2d 1353, paragraph one of the syllabus. "Civ.R. 60(B)(4) was not meant to offer a party a means to negate a prior finding that the party could have

reasonably prevented." *Cuyahoga Support Enforcement Agency v. Guthrie*, 84 Ohio St.3d 437, 443 N.E.2d 218, 1999-Ohio-362.

{¶16} In the instant case, Frances provides no justification for why she is entitled to relief under Civ.60(B)(4). Specifically, she does not explain that why sixteen years after giving birth to Michael she now possesses sufficient information to pursue this motion placing James' paternity of Michael into question. To the contrary, in a supplemental memorandum requested by the court, Frances simply states "it is apparent [she] did not formulate these suspicions until recently, as evidenced by the timing of her request for genetic testing." This vague reasoning fails to provide any adequate basis to justify the court disturbing the long established parent-child relationship between James and Michael by ordering genetic testing be performed. Moreover, it is clear from the nature of this situation that Frances *alone* has always been in the best position to know whether or not James is Michael's biological father.

{¶17} Finally, Frances has also failed to demonstrate that she made this motion within a reasonable time. The inquiry of whether a Civ.R. 60(B)(4) motion is timely depends, in part, on the nature of the relationship between the parent and the child. *Leguillon v. Leguillon*, 124 Ohio App.3d, 757, 768, 707 N.E.2d 571. The reasonable time period may have elapsed where the child and the

adjudicated "father" have established a relationship. *Id.*; see, also, *Strack*, supra, 70 Ohio St.3d at 176, 637 N.E.2d at 916 (Pfeifer, J., dissenting) (if the child has come to rely upon the wrongly identified "father" for emotional and financial support, the reasonable time period for filing Civ.R. 60(B)(4) motion has expired). In addition, if the movant unreasonably failed to seek relief earlier, a court may properly decide that the reasonable time period for Civ.R. 60(B)(4) relief has expired. *Dunkle v. Dunkle*, 135 Ohio App.3d, 669, 681, 735 N.E.2d 469.

{¶18} As previously noted, Frances offered no explanation for the delay in filing her motion for relief from judgment. When weighing all the relevant factors, including Michael's interests in this matter, we find of particular importance the fact that James has been Michael's residential parent and custodian since the parties agreed to the arrangement in 2004. In addition, since the parties' divorce in 2003, numerous post-decree actions have taken place in the trial court involving custody and child support matters, which presented ample opportunities for Frances to revisit the issue of Michael's paternity. Based on these factors, we find that the reasonable time period for Frances making her motion for relief from judgment has expired.

{¶19} Accordingly, having determined that Frances failed to meet any of the requirements entitling her to relief under Civ.R. 60(B), we conclude that the

trial court did not err in denying Frances' Motion to Modify the Judgment Entry of Divorce and her request for genetic testing.

{¶20} For all these reasons, the assignment of error is overruled and the judgment of the Hancock County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**ROGERS, P.J., and PRESTON, J., concur.**
**/jnc**