IN RE KRIAK.

(No. 1418 — Decided
January 8, 1986.)

*Jill R. Heck,* prosecuting attorney, for appellee.
*Eric D. Ritz,* for appellant.

MAHONEY, J. Appellant, Sean Kriak, challenges his adjudication as a juvenile traffic offender under R.C. 2151.021 in the Medina County Court of Common Pleas, Juvenile Division. We reverse.

Facts

On November 25, 1984, Kriak, a minor, was cited for driving while under the influence in violation of R.C. 4511.19. On January 3, 1985, Kriak appeared before the juvenile court with his mother, but without counsel. He entered a plea of denial. The court's journal entry indicates that the right to counsel was explained to Kriak. The record, however, reflects no written or recorded waiver of counsel and no determination of indigency. No recording of the proceeding was made by any means.

On January 30, 1985, an adjudication hearing was held before a successor judge. Again, Kriak was not represented by counsel, and no record of this hearing was made. The judgment entry recited that upon the evidence, the court found:

"Kriak to be a juvenile traffic offender as alleged in the complaint. * * * Kriak then informed the court that he wished to be represented by counsel before disposition is made in this matter."

Accordingly, the court continued the case until March 15, 1985 for disposition.

At the March 15 dispositional hearing, Kriak, through counsel, petitioned

the court for a continuance and a new trial. Overruling these motions, the court suspended Kriak's driver's license for one year and fined him $50 plus costs. From this adjudication and disposition, Kriak appeals.

## Assignment of Error I

"The court below erred to the juvenile-appellant's prejudice by refusing to appoint him counsel."

Kriak argues that the trial court denied him his statutory as well as constitutional right to a fair trial when it failed to appoint counsel to represent him at his adjudication hearing. His adjudication as a juvenile traffic offender, he submits, must therefore be vacated.

As Kriak was not incarcerated, we find that his Sixth Amendment right to counsel did not arise. *State* v. *Haag* (1976), 49 Ohio App..2d 268, 3 O.O. 3d 301, 360 N.E. 2d 756. However, R.C. 2151.352 establishes an indigent juvenile's statutory right to the appointment of counsel in all juvenile proceedings, regardless of whether commitment may result. This section provides:

"A child, his parents, custodian, or other person in loco parentis of such child is entitled to representation by legal counsel at all stages of the proceedings and if, as an indigent person, he is unable to employ counsel, to have counsel provided for him pursuant to Chapter 120 of the Revised Code. If a party appears without counsel, the court shall ascertain whether he knows of his right to counsel and of his right to be provided with counsel if he is an indigent person. The court may continue the case to enable a party to obtain counsel or to be represented by the county public defender or the joint county public defender and shall provide counsel upon request pursuant to Chapter 120 of the Revised Code. Counsel must be provided for a child not represented by his parent, guardian, or custodian.* * *"

The trial court's journal entry, dated January 3, 1985, indicates that the trial court explained to Kriak his right to be represented by counsel. Nothing in the record, however, indicates that the trial court determined whether Kriak was indigent or whether the trial court advised him of his right to appointed counsel if he were indigent. Indeed, at the dispositional hearing, Kriak admitted that the trial court advised him of his right to counsel and of his right to a continuance to obtain counsel. Kriak, however, denied, under oath, that the court advised him of his right to appointed counsel if he could not afford an attorney. He insisted that he requested appointed counsel.

Our examination of the record further reveals that Kriak made no written or recorded waiver of his right to counsel. Without a record establishing that the trial court fulfilled its statutory duty to advise a juvenile of his right to appointed counsel if indigent and to determine indigency if claimed, we find that the trial court violated Kriak's statutory right to the representation of counsel.

## Assignment of Error II

"The court below erred to the juvenile-appellant's prejudice by refusing to grant him a new trial."

The granting of a motion for a new trial, pursuant to Crim. R. 33, is within the sound discretion of the trial court. An appellate court cannot reverse the trial court's order unless there has been an abuse of that discretion. *State* v. *Shepard* (1983), 13 Ohio App. 3d 117, 13 OBR 135, 468 N.E. 2d 380. Appellant has failed to demonstrate how the trial court abused its discretion.

## Summary

The appellant's first assignment of error is sustained. The adjudication as a juvenile traffic offender is vacated and the cause referred for further proceeding according to law.

*Judgment accordingly.*

QUILLIN, J., concurs.

GEORGE, P.J., dissents.