DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant John Lovejoy has appealed from a judgment of the Lorain County Common Pleas Court, Juvenile Division, that found him delinquent by reason of having committed a burglary. He has argued: (1) that he was denied his right to counsel during all proceedings; and (2) that he was denied due process during his dispositional hearing because the court received the unsworn report of his probation officer. This Court affirms the trial court's judgment because: (1) defendant knowingly, voluntarily, and intelligently waived his right to counsel; and (2) the Ohio Rules of Juvenile Procedure authorized the trial court to receive such a report at the dispositional hearing.
 I.
On April 15, 1997, the Lorain County Juvenile Probation Department filed a complaint against defendant in which it was alleged that, on or about April 13, 1997, defendant committed a burglary at the home of his aunt and that he violated the terms of his intensive probation by failing "to subject himself to the reasonable controls of those in authority over him." That same day, defendant appeared before a magistrate with his legal guardian, his aunt. The magistrate informed defendant of his legal rights including his right to counsel. Defendant waived his right to counsel, and denied the facts in the complaint.
On April 16, 1997, defendant appeared with his aunt before a different magistrate, who again advised him of his right to counsel:
 THE MAGISTRATE: * * * John, you're in court today without a lawyer. I want you to understand that you have the right to have an attorney if you want one; and if you wanted one and couldn't afford one, the Court would give you one without cost. Do you want an attorney?
JOHN LOVEJOY: No, I don't.
Defendant admitted the facts in the complaint and the trial court found him to be a delinquent child.
On June 7, 1997, defendant appeared with his aunt before the trial judge for his dispositional hearing. The trial judge also advised defendant of his right to counsel:
 THE COURT: You understand you have the right to have a lawyer present; do you understand?
JOHN LOVEJOY: Yes, Your Honor.
 THE COURT: If you wish, I will postpone, delay this hearing so you might go out and obtain a lawyer; do you understand that?
JOHN LOVEJOY: Yes, Your Honor.
 THE COURT: If you have no money at all, I will appoint a lawyer for you and I will pay for that lawyer; do you understand that?
JOHN LOVEJOY: Yes, Your Honor.
 THE COURT: What do you wish to do today? Do you want me to delay this matter so that you might obtain a lawyer, or do you wish to go forward without a lawyer?
JOHN LOVEJOY: Go forward without a lawyer.
THE COURT: Do you understand what I have said?
JOHN LOVEJOY: Yes, your honor.
 THE COURT: Do you have any questions you want to ask me about your right to counsel?
JOHN LOVEJOY: No, Your Honor.
Following the dispositional hearing, the trial court sentenced defendant to one year in a juvenile detention facility. Defendant timely appealed to this court.
 II. A.
Defendant's first assignment of error is that he was denied his constitutional right to counsel because he did not knowingly, voluntarily, and intelligently waive that right. Specifically, he has argued that: (1) the trial court failed to explain to him that, although he waived his right to counsel at his first trial court appearance, he could reassert the right at later proceedings; (2) at his adjudicatory hearing, the magistrate gave him a written waiver form to sign without first ascertaining whether he could read; and (3) the trial court failed to ascertain whether he was indigent and failed to provide him with information about contacting court-appointed counsel.
Defendant's first argument is that, even if his initial waiver of counsel was valid, the trial court failed to inform him that could assert his right to counsel at later stages of the proceedings. The record reveals, as detailed above, that the court fully advised defendant about his right to counsel every time he appeared before it. The court asked defendant each time whether he wished to waive his right to counsel, and each time he indicated that he did.
Defendant's next argument, that the trial court gave him a written explanation of his rights without ascertaining whether he could read, is likewise unfounded. Although the trial court provided defendant with a written waiver form, it also verbally reviewed it with him. After reviewing the form, the trial court asked defendant, "Is there anything I have gone over on this purple sheet that's unclear to you or you don't understand?" Defendant responded, "No." Moreover, as defendant has not even alleged that he was, in fact, unable to read the waiver form, he has failed to demonstrate that any prejudice resulted from this alleged error.
Defendant's final argument under this assignment of error is that the trial court failed to conduct an adequate inquiry into his financial status or to fully explain to him the procedure for obtaining court-appointed counsel to represent him. Defendant has failed to cite, and this Court was unable to find, any legal authority to even suggest that the trial court had such a duty.
Section 2151.35.2 of the Ohio Revised Code provides, in part, that "[i]f a party appears without counsel, the court shall ascertain whether he knows of his right to counsel and of his right to be provided with counsel if he is an indigent person. The Court * * * shall provide counsel upon request pursuant to Chapter 120. of the Ohio Revised Code[.]" As detailed above, the trial court fulfilled its duty to inform defendant of his right to counsel. It repeatedly informed defendant that he had the right to be represented by counsel and that, if he could not afford to hire an attorney, the court would appoint one to represent him. Defendant then waived his right to counsel. He never made any representation to the trial court that he was indigent or that he wanted court-appointed counsel. He has asserted on appeal, however, that, even though he had not raised the issue, the trial court had the duty to make an inquiry into his financial status and to provide him with specific information about obtaining appointed counsel. Absent some claim by defendant that he desired counsel and was unable to afford it, however, the trial court had no duty to conduct an inquiry into his financial status or to further advise him about obtaining court-appointed counsel. See,e.g., State v. Tymcio (1975), 42 Ohio St.2d 39, paragraph three of the syllabus; In re Kriak (1986), 30 Ohio App.3d 83, 84. Defendant's first assignment of error is overruled.
 B.
Defendant's second assignment of error is that, during the dispositional hearing, the trial court violated his due process rights by receiving the unsworn testimony of his probation officer. Defendant has cited no authority to support his argument. Moreover, he has raised this challenge for the first time on appeal, and, therefore, must demonstrate plain error. SeeState v. Long (1978), 53 Ohio St.2d 91, paragraphs one and two of the syllabus. This Court will notice plain error only under exceptional circumstances to prevent a manifest miscarriage of justice. Id. at paragraph three of the syllabus.
At the dispositional hearing, defendant's probation officer reported to the trial court about defendant's social history. His report included a summary of defendant's history with the juvenile court system, his disciplinary problems at school and home, and his problems with substance abuse. The probation officer also made a recommendation for defendant's disposition. The trial court was authorized by Rule 34(B) of the Ohio Rules of Juvenile Procedure to receive the report of the probation officer. Defendant has failed to demonstrate any error, much less a manifest miscarriage of justice. His second assignment of error is overruled.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ CLAIR E. DICKINSON
FOR THE COURT
BAIRD, J.
SLABY, J. CONCUR.