[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Appellant, Shawna Holman, a sixteen-year-old, appeals from the adjudication of delinquency by the Crawford County Court of Common Pleas, Juvenile Division.
On February 27, 1998, a complaint in delinquency was filed in the juvenile court alleging that appellant had violated R.C.2911.13(A), breaking and entering, and R.C. 2913.02, theft. An initial hearing on the complaint was held on March 27, 1998. According to the juvenile court's journal entry, the appellant and her parents were present for the hearing. Additionally, the journal entry indicates that the parties were fully advised of their rights and that appellant entered a denial to the charges. This matter was then continued for adjudication until April 30, 1998.
The appellant appeared at the adjudicatory hearing with her mother, but without counsel. Appellant was adjudicated delinquent on both counts in the complaint and she was committed to the Ohio Department of Youth Services. Appellant now appeals and asserts the following two assignments of error:
 The trial court violated Shawna Holman's right to due process under the Fifth and Fourteenth Amendments to the United States Constitution, and Article One, Section Sixteen of the Ohio Constitution, and Juv.R. 29(E)(4), when it adjudicated her delinquent of breaking and entering absent proof of every element of the charge against her by sufficient, competent, and credible evidence.
 The trial court violated Shawna Holman's right to counsel under the Sixth and Fourteenth Amendments to the United States Constitution, Article One, Section Sixteen of the Ohio Constitution, Ohio Revised Code Section 2151.352 and Juvenile Rules 4 and 29.
Since appellant's second assignment of error pertains to her right to counsel, its merits will be addressed first. In particular, appellant argues that the juvenile court did not obtain a valid waiver of her statutory as well as constitutional right to counsel.
A juvenile is entitled to be represented by legal counsel at all stages of juvenile court proceedings. R.C. 2151.352; Juv.R. 4(A); Juv.R. 29(B). Pursuant to Juv.R. 29(B)(3), the juvenile court must inform unrepresented parties of their right to counsel and determine whether those parties waive their right to counsel. This rule further states that the juvenile court must inform any unrepresented party who waives the right to counsel of the right to obtain counsel at any stage of the proceedings, the right to remain silent, the right to offer evidence, the right to cross-examine witnesses, and the right to have a record of all proceedings made. Juv.R. 29(B)(5). Integral to this issue are also the requirements of Juv.R. 29(B)(2) that the court, interalia, inform the juvenile as to the substance of the complaint, the purpose of the adjudicatory hearing and possible consequences thereof.
When a juvenile waives the right to counsel, the court must determine whether the waiver was made knowingly, intelligently, and voluntarily. In re Griffin (Sept. 27, 1996), Union App. No. 14-96-14, unreported, citing State v. Wellman (1974), 37 Ohio St.2d 162, paragraph two of the syllabus. The juvenile's waiver must then affirmatively appear on the record. In re East (1995),105 Ohio App.3d 221, 224. According to the appellant, there was no recording made of the initial hearing in this case and we have none before us.[1] As a result, the only record we have before us as to any waiver of counsel in this case is the following exchange between the judge and the juvenile:
 Now, Shawna, * * * as you will recall back on March the 27th that I had reviewed with you that should you find it to be necessary you do have a right to have a lawyer appear with you and represent you throughout the proceedings before the court, and should you find it to be necessary you do have the right to ask the court to consider appointing a lawyer to represent you free of charge. Back on March the 27th you had indicated that you wished to proceed without having a lawyer present, and again, seeing that you're appearing this morning without a lawyer am I to assume that you wish to proceed without having a lawyer present?
Appellant responded: "Yes, sir."
Absent a record of the initial waiver in this case, we do not have sufficient indication before us to demonstrate that the juvenile court complied with Juv.R. 29(B) and fully explained appellant's rights at that stage in the proceedings. Further, it has been held that a juvenile court's journal entry is not sufficient to affirmatively show a valid waiver. See In re Kriak
(1986), 30 Ohio App.3d 83, 84.[2] Under these circumstances, we cannot find that the record demonstrates that appellant waived her right to counsel knowingly, intelligently, and voluntarily. Appellant's second assignment of error is sustained. Due to that disposition, appellant's first assignment of error is moot and need not be addressed.
Accordingly, the adjudication of appellant as a delinquent is vacated and the case is remanded to the juvenile court for new proceedings consistent with this opinion.
Judgment vacated and cause remanded.
 BRYANT and HADLEY, JJ., concur.
[1] We note that appellee did not file a brief in the instant case. Under App. R. 18(C), an appellate court "may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."
[2] In the present case, neither the appellant's right to counsel nor a waiver thereof was mentioned in the juvenile court's journal entry.