OPINION
Defendant-appellant Shane Perreira appeals from a judgment finding him delinquent upon his admission that he committed Aggravated Arson. Perreira argues that the trial court committed reversible error by, among other things, failing to ascertain whether he knew of his right to be provided with counsel, at the State's expense, if he is indigent as required under R.C. 2151.352. We agree that the trial court erred by failing to ascertain whether Perreira knew of his right to be provided with court-appointed counsel if he is indigent. Furthermore, because the record fails to show that Perreira was made aware of his right to court-appointed counsel, it likewise fails to show that Perreira knowingly, intelligently, and voluntarily waived his right to counsel.
Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
 I
On April 14, 2000, a complaint was filed in the juvenile division of the Darke County Common Pleas Court, charging Perreira, who was fifteen years old at the time, with Aggravated Arson pursuant to R.C.2909.02(A)(2), a felony of the second degree if committed by an adult. On April 24, 2000, Perreira and his mother, Marilyn Jenks, signed a "Statement of Rights" form, two pages in length and single-spaced, which included the following near the top of the second page:
 9. You are entitled to be represented by legal counsel at all stages of the proceeding, and if you are indigent and unable to employ counsel, it is the responsibility of your parents to provide legal counsel for you. If your parents are likewise indigent, the Court will appoint an attorney to represent you.
Later that same day, Perreira appeared in court for a plea acceptance hearing. The trial court asked Perreira if he had received a copy of the "explanation of rights," presumably, referring to the aforementioned Statement of Rights, and if he had any questions about his rights. Perreira answered that he had received a copy of the Statement of Rights, and that he had no questions about his rights. The trial court also asked Perreira if he wished to have an attorney represent him in the matter, and Perreira answered in the negative. After the trial court informed Perreira of the nature of the offense with which he had been charged, the possible dispositions that it could enter, and the rights he was waiving by entering a plea, Perreira admitted the allegations in the complaint. The trial court found Perreira delinquent, based upon his admission, and continued the matter for disposition.
At his July 10, 2000 disposition hearing, the trial court again asked Perreira if he wished to have an attorney represent him, and again Perreira responded in the negative. The trial court committed Perreira to the Department of Youth Services for a minimum of six months and for a maximum of the attainment of his twenty-first birthday. Perreira appeals from the trial court's July 10th disposition order.
 II
Perreira's First Assignment of Error states:
THE TRIAL COURT ERRED IN PERMITTING APPELLANT TO PROCEED WITHOUT COUNSEL.
Perreira argues that the trial court erred by failing to adequately advise him of his right to counsel as required under R.C. 2151.352.
R.C. 2151.352 provides in relevant part that:
 [a] child, his parents, custodian, or other person in loco parentis of such child is entitled to representation by legal counsel at all stages of the proceedings and if, as an indigent person, he is unable to employ counsel, to have counsel provided for him * * *. If a party appears without counsel, the court shall ascertain whether he knows of his right to counsel and of his right to be provided with counsel if he is an indigent person.
(Emphasis added.)
It has been held that when a trial court fails to fulfill its statutory duty to advise a juvenile of his right to appointed counsel if indigent (and to determine if the juvenile really is indigent if claimed), it violates the juvenile's statutory right to the representation of counsel. In re Kriak (1986), 30 Ohio App.3d 83, 84.
Like R.C. 2151.352, the Rules of Juvenile Procedure also provide juveniles charged with delinquency the right to counsel. Juv.R. 4(A) provides, in pertinent part, that "[e]very party shall have the right to be represented by counsel and every child, parent, custodian, or other person in loco parentis the right to appointed counsel if indigent." Juv.R. 29(B)(3) requires the trial court to "[i]nform unrepresented parties of their right to counsel and determine if those parties are waiving their right to counsel[.]" Pursuant to Juv.R. 3, a juvenile may waive his right to be represented by counsel with permission of the trial court (except at a hearing conducted pursuant to Juv.R. 30, where the trial court considers transferring his case for criminal prosecution). When a juvenile waives his right to counsel, the trial court must make a sufficient inquiry, encompassing the totality of the circumstances present, to determine whether the juvenile's waiver is given knowingly, intelligently, and voluntarily. In re Johnson (1995), 106 Ohio App.3d 38,41.
Here, the trial court asked Perreira during the adjudication hearing at which he admitted his delinquency, and also at the subsequent disposition hearing, if he "wished to be represented by counsel." Assuming arguendo that this was sufficient to enable the trial court to ascertain whether Perreira knew of his general right to counsel, it was undeniably insufficient to enable the trial court to ascertain whether Perreira knew of his right to be provided with counsel, at the State's expense, if he is indigent, as the trial court was required to do pursuant to R.C.2151.352.
The State argues that Perreira's right to have counsel provided for him if he is indigent was explained to him: (1) by the trial judge in open court, as noted in its June 19, 2000 judgment entry filed after the adjudication hearing where Perreira admitted his delinquency; and (2) in writing by the Statement of Rights form, which Perreira and his mother signed. We find the State's argument unpersuasive.
In its June 19th judgment entry, the trial court stated that it "informed [Perreira] and his Parents of their right to obtain counsel at any stage of the proceedings at public expense if indigent * * *." However, the transcript of the April 24, 2000 hearing indicates that the trial court merely asked Perreira if he had received a copy of his "explanation of rights" (presumably, Statement of Rights); if he had any questions regarding his rights; and if he wished to have an attorney represent him in the matter. The transcript does not reflect that the trial court informed Perreira of his right to appointed counsel if he was indigent.
The Statement of Rights form signed by Perreira and his mother informs an alleged delinquent that if he is indigent and unable to employ counsel, it is his parents' responsibility to provide counsel for him, and if they are indigent, the trial court will appoint an attorney to represent him. In response to questioning, Perreira told the trial court that he had received a copy of his "explanation of rights," and that he had no questions regarding his rights. However, the Statement of Rights was two pages in length, and single-spaced. A juvenile's right to appointed counsel if he and his parents are indigent is not stated until near the top of the second page. Given his lack of maturity, a juvenile, even with a parent present, is all too likely to sign a form he has not fully read or does not fully understand, while at the same time telling a judge otherwise. The juvenile may not have any appreciation of what he does not, in fact, understand in the document. This underscores the importance of the right to counsel in juvenile cases. Consequently, a trial court does not fulfill its duty to ascertain whether a juvenile knows of his right to be provided with counsel if he is indigent simply by asking the juvenile if he has received a copy of a Statement of Rights like the one used here, and whether he has any questions about those rights. Furthermore, when the record fails to show that a juvenile has been made aware of his right to court-appointed counsel if he is indigent, the juvenile's waiver of his right to counsel cannot be considered knowing, intelligent, or voluntary.
Perreira's First Assignment of Error is sustained.
 III
Perreira's Second Assignment of Error states:
 THE TRIAL COURT ERRED BY COMMITTING APPELLANT TO THE LEGAL CUSTODY TO [sic] THE DEPARTMENT OF YOUTH SERVICES FOR INSTITUTIONALIZATION.
In light of our disposition of Perreira's First Assignment of Error, this assignment of error is no longer ripe for review; therefore, it is overruled.
 IV
We note, in passing, that the State argues that because of an amendment to the statute, the dispositional order should have committed Perreira for a minimum of one year, rather than for a minimum of six months. This argument appears to be correct, but it is also moot, at least for now, in view of our disposition of Perreira's First Assignment of Error. More importantly, we would point out to the State that because it has not filed an appeal from the dispositional order, it cannot invoke our appellate jurisdiction to modify that order. Of course, if Perreira is ultimately found to have been delinquent, this issue may be brought to the attention of the trial court.
 V
Perreira's First Assignment of Error having been sustained, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
GRADY and YOUNG, JJ., concur.