{¶ 36} Because I disagree with the majority's analysis and resolution with respect to the second assignment of error only, I respectfully dissent in part and concur in part.
 {¶ 37} The majority would reverse this matter and remand it to the trial court, with instructions to comply with the mandates of Juv.R. 29(F)(3). This rule provides that in an adjudicatory hearing the court shall "upon request make written findings of fact and conclusions of law pursuant to Civil Rule 52". Juv.R. 29(F)(3) (emphasis added). The latter rule provides that when questions of fact are tried by the court without a jury, judgment may be "general for the prevailing party unless one of the parties, in writing or orally, in open court requests otherwise before the journal entry or final order[.]" Civ.R. 52. Since no such request was made by either party in this instance, the trial court did not err in failing to make specific findings. I thus find the majority's basis for the remand of this matter erroneous. I also note that such an endeavor would be futile, given the present lack of a record of the plea hearing in this matter.
 {¶ 38} Rather, consistent with the majority's analysis and conclusion with regard to the first assignment of error, I would overrule appellant's second assignment of error. In the discussion of appellant's first assignment of error, the majority observes that there is compelling evidence in the record that the plea hearing was indeed recorded in compliance with Juv.R. 37. I agree with the majority's conclusion that the record sufficiently demonstrates that the trial court complied with the mandates of Juv.R. 37, even though the recording was later destroyed in accordance with Sup.R. 26.03(H)(1).
 {¶ 39} Appellant's second assignment of error alleges that the present lack of a record of the plea hearing mandates the presumption that his plea was not made knowingly, voluntarily or intelligently. In resolving this issue, the majority aptly states that a reviewing court may not presume that a defendant knowingly, voluntarily and intelligently entered a guilty plea given a silent record. This proposition of law is well-settled in the usual case where the trial court fails to question a defendant as to his plea or fails to adequately record the plea hearing. See Boykin v. Alabama (1969), 395 U.S. 238, 89 S.Ct. 1709; In re Hoover
(Sept. 27, 2000), Summit App. No. 19284. If these were the facts in the present matter, this court would be compelled to reverse the adjudication.
 {¶ 40} However, the present matter does not present the usual case. As noted by the majority, the trial court recorded the plea hearing. The recording was retained and years later destroyed as permitted by Sup.R. 26.03(H)(1). Appellant failed to appeal until well after the record had been lost.[1] Under these peculiar facts, the burden should not fall upon the state to produce the now nonexistent record of the plea hearing. To hold
 {¶ 41} otherwise would require trial courts to retain recordings indefinitely, frustrating the purpose of the Supreme Court Rules of Superintendence. In particular, a contrary holding effectively renders meaningless the provision in Sup.R. 26.03(H)(1) which permits the destruction of court records after a number of years.
 {¶ 42} Rather, considering appellant's failure to prepare an App.R. 9(C) statement of facts, we should presume the trial court's regularity in following the law when accepting appellant's plea. Statev. Drake (1991), 73 Ohio App.3d 640, 647 citing State v. Brown (1988),38 Ohio St.3d 305. I further note that the trial court's entry adjudicating appellant delinquent confirms the conclusion that appellant knowingly, voluntarily, and intelligently entered his plea admitting to the charges. Ordinarily, given a silent record, such an entry would not suffice as evidence of a valid waiver. See, e.g., State v. Dyer (1996),117 Ohio App.3d 92, 224. However, I find the trial court's entry, the fact that a record was made at the plea hearing and since destroyed per Sup.R. 26.03(H)(1), and the fact that appellant was represented by counsel who was present at the plea hearing, are compelling evidence that his plea was knowingly, voluntarily and intelligently made. AccordDrake, In re Kriak (1986), 30 Ohio App.3d 83.
 {¶ 43} The record demonstrates that the appellant entered a voluntary, knowing and intelligent waiver of his constitutional rights and guarantees and I would thus affirm the trial court's decision in all respects.
[1] While the appeal may be considered timely under the Ohio Supreme Court's reasoning in In re Anderson, 92 Ohio St.3d 63, 2001-Ohio-131, I would note that as a result of the adjudication, appellant was committed to DYS, placed on parole, and later placed in a treatment-oriented group home. There can be no question that appellant and his counsel were aware of the finality of appellant's adjudication as a delinquent child in spite of the trial court's alleged failure to serve the entry on appellant.