OPINION
{¶ 1} In this expedited appeal, pursuant to App.R. 11.2(C), the appellant, Lisa Walling, challenges the Hamilton County Juvenile Court's adoption of a magistrate's decision adjudicating her six-year-old child, Cody T. Walling, a dependent child and committing him to the permanent custody of the appellee, Hamilton County Jobs and Family Services (HCJFS). Because Walling was denied the effective assistance of counsel when her appointed attorney failed to appear on her behalf without seeking permission to withdraw and failed to provide a transcript of the proceedings for the juvenile court to use in ruling on Walling's objection to the magistrate's decision, we reverse.
 FACTS {¶ 2} Cody Walling was first removed from his mother's care at age two, in April 2001, following Walling's conviction for driving under the influence of alcohol, child endangering, and leaving the scene of an accident. Over the next two years, Walling demonstrated inconsistent compliance with court directives and orders to complete alcohol and substance-abuse treatment programs. Cody was ultimately returned to Walling's custody. In early 2003, HCJFS began proceedings to seek custody of Cody when Walling failed to comply with a urinalysis-screening program, failed to participate in ordered therapy, and moved without notifying HCJFS. Cody was removed from Walling's care when HCJFS sought permanent custody in August 2003.
 {¶ 3} During these court proceedings, Walling had been represented by at least four different attorneys. Starting in June 2001, the juvenile court appointed counsel with the fees assessed to the Hamilton County Public Defender's Office. Walling's last attorney of record in the juvenile court was public defender Shauna Hill. While there is no journalized entry appointing Hill as counsel of record, the magistrate's orders filed on and after August 28, 2002, refer to Hill as Walling's attorney. On September 15, 2003, the magistrate "reappointed" Hill as Walling's counsel.
 {¶ 4} At the June 2004 dependency and dispositional hearings, a juvenile court magistrate heard the testimony of five witnesses including Walling. At the conclusion of the dependency hearing, the magistrate found by clear and convincing evidence that Cody was a dependent child. On July 20, 2004, the magistrate issued a decision granting permanent custody to HCJFS. The decision identified Hill as counsel for Walling. This, however, was Hill's last appearance in the case.
 {¶ 5} Walling filed an objection to the magistrate's decision pro se. Her objection stated in its entirety, "I would like to keep my parental rights and visitation with Cody. I believe this would be in best intrest [sic] for Cody." She did not provide the juvenile court with a transcript of the proceedings before the magistrate.
 {¶ 6} On October 15, 2004, the juvenile court held a hearing on the objection. While the assistant prosecuting attorney representing HCJFS and Cody's guardian ad litem appeared, Walling and Hill both failed to appear. The juvenile court inquired of Cody's guardian ad litem, "When you saw the mother most recently, did she give you any indication that she was aware of this hearing today or that she was going to come or that she wasn't or anything?" The guardian ad litem replied that she had spoken with Walling at her last supervised visit with Cody. Walling was depressed over the course of the proceedings. While Walling "felt that she had no real hope for this [hearing]," the guardian ad litem noted that she had informed Walling of the time and place of the hearing. The guardian ad litem concluded, "I fully expected her to be present today." While the juvenile court stated that it was "worrie[d]" about Hill's unexplained absence, it nonetheless adopted the magistrate's decision, noting that Walling "did not provide a transcript of the Magistrate's hearing for the Court to review."
 INEFFECTIVE ASSISTANCE OF COUNSEL {¶ 7} In her sixth assignment of error, Walling argues that she was denied the effective assistance of counsel when, "without withdrawing, counsel failed to assist [her] in ordering transcripts for the Objections, or even to appear at [the hearing on the objections]." To prevail, Walling must show that she was entitled to the effective assistance of counsel, that her counsel's performance was deficient, and that the deficient performance so prejudiced her as to deny her a proceeding whose result was reliable and fundamentally fair. See In reHeston (1998), 129 Ohio App.3d 825, 827, 719 N.E.2d 93; see, also,Lockhart v. Fretwell (1993), 506 U.S. 364, 372, 113 S.Ct. 838; Stricklandv. Washington (1984), 466 U.S. 668, 693, 104 S.Ct. 2052.
 Walling had the Right to the Assistance of Counsel {¶ 8} In State ex rel. Heller v. Miller (1980), 61 Ohio St.2d 6,399 N.E.2d 66, paragraph two of the syllabus, the Ohio Supreme Court held that "[i]n actions instituted by the state to force the permanent, involuntary termination of parental rights, the United States and Ohio Constitutions' guarantees of due process and equal protection of the law require that indigent parents be provided with counsel and a transcript at public expense for appeals as of right." See In re Miller (1984),12 Ohio St.3d 40, 41, 465 N.E.2d 397; see, also, Lassiter v. Dept. ofSocial Services (1981), 452 U.S. 18, 101 S.Ct. 2153.
 {¶ 9} R.C. 2151.352 provides, "A child or the child's parents, custodian, or other person in loco parentis of such child is entitled to representation by legal counsel at all stages of the proceedings under this chapter or Chapter 2152 of the Revised Code and if, as an indigent person, any such person is unable to employ counsel, to have counsel provided for the person * * *." (Emphasis added.) See In re Williams,101 Ohio St.3d 398, 2004-Ohio-1500, 805 N.E.2d 1110.
 Walling Was Prejudiced by Counsel's Failure to Appear {¶ 10} Walling had the right to the assistance of counsel throughout the proceedings in the juvenile court. Pursuant to Juv.R. 4(A), the right to counsel arises "when a person becomes a party to a juvenile court proceeding." A court proceeding includes all actions taken by the juvenile court "from the earlier of (1) the time a complaint is filed and (2) the time a person first appears before an officer of a juvenile court until the court relinquishes jurisdiction over such child." Juv.R. 2(G). While Walling's right to counsel did not terminate at the conclusion of the proceedings before the magistrate, Hill, her court-appointed attorney, made no appearance in the case after the dispositional hearing.
 {¶ 11} "[A]n attorney or guardian ad litem may withdraw only with the consent of the court upon good cause shown." Juv.R. 4(F) (emphasis added). A party's knowing and intelligent waiver of her right to counsel is good cause for withdrawal. See, e.g., In re Kriak (1986),30 Ohio App.3d 83, 506 N.E.2d 556; see, also, In re M.L.R.,150 Ohio App.3d 39, 2002-Ohio-5958, 779 N.E.2d 772, at ¶ 15. But a party's knowing waiver of counsel will not be presumed from a silent record. See id.
 {¶ 12} A party's lack of cooperation or failure to communicate with counsel may be good cause for withdrawal. See, e.g., In re M.L.R.,150 Ohio App.3d 39, 2002-Ohio-5958, 779 N.E.2d 772, at ¶ 17. Appointed counsel's failure to appear at a permanentcustody hearing for reasons of office policy may not be good cause pursuant to Juv.R. 4(F). See In reBowman (Sept. 8, 1992), 5th Dist. No. CA-8853. An attorney seeking to withdraw must appear before the juvenile court and demonstrate that representation of the party's interest has become impossible because of an inability to ascertain the party's wishes or to obtain cooperation. See In the Matter of Tyler Jo S., 6th Dist. No. L-04-1294, 2005-Ohio-1225, at ¶ 31.
 {¶ 13} Whether appointed or retained, an attorney must comply with DR 2-110(A) and "shall not withdraw from employment until the lawyer has taken reasonable steps to avoid foreseeable prejudice to the rights of his or her client, including giving due notice to his or her client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules." If an attorney fails to appear at a critical hearing before the juvenile court, without seeking permission to withdraw pursuant to Juv.R. 4(F), the attorney's performance is deficient where the record does not demonstrate that any precautions were taken to avoid prejudicing the parent's ability to defend against the permanent loss of her child. See In re M.L.R., at ¶ 22.
 {¶ 14} Here, Hill did not appear at the hearing on Walling's objection to the adoption of the magistrate's decision. Hill had not moved to withdraw or informed the court that further representation of Walling would be a feckless act. If Hill could not determine Walling's wishes or obtain her cooperation, it was incumbent upon her to appear before the juvenile court and request permission to be relieved. Until relieved, she remained obligated to represent Walling's interests. See Juv.R. 4; see, also, DR 2-110(A). Her failure to appear at the hearing before the juvenile court prejudiced Walling.
 Walling Was Prejudiced by the Failure to Provide a Transcript {¶ 15} Hill's abandonment of Walling also deprived Walling of any effective means to rebut the factual findings of the magistrate. It was Hill's duty to ensure that the juvenile court was provided with a transcript of the proceedings before the magistrate to support the objection. As noted in the juvenile court's entry, no transcript was prepared for the juvenile court's review. Prejudice to Walling is clear. When the objecting party fails to supply the appropriate transcript to support the magistrate's decision, the juvenile court may proceed to adopt the magistrate's factual determinations without considering the objections. See In re Welch Children, 1st Dist. No. C-020066, 2002-Ohio-2102, at ¶ 6; see, also, In re Martin (Aug. 11, 2000), 1st Dist. No. C-990517; In re Wooldridge (Aug. 27, 1999), 1st Dist. No. C-980545.
 {¶ 16} In six of her seven assignments of error raised on appeal, Walling challenges the weight of the evidence produced at the magistrate's hearing and the conclusion based on that evidence that permanent commitment was in Cody's best interest. The merits of these assignments of error are effectively unreviewable because of the failure to prepare a transcript for the juvenile court. Similarly, without any transcript properly before this court, we have no basis to question the juvenile court's decision.[1] A reviewing court cannot decide an appeal on the basis of matters outside the record. See State v. Ishmail (1978),54 Ohio St.2d 402, 377 N.E.2d 500, paragraph one of the syllabus ("A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter."). From the record, the magistrate's and the juvenile court's decisions appear supported. We cannot affirm them, however, where we are unable to conduct a thorough review because of counsel's deficient performance.
 {¶ 17} In In re Holmes, the Ohio Supreme Court reversed this court's affirmance of the juvenile court's judgment terminating a parent's permanent custody of his daughters where the parent had not provided "a complete and adequate record" for appellate review. In re Holmes,104 Ohio St.3d 664, 2004-Ohio-7109, 821 N.E.2d 568, at ¶ 5. Because of its policy of disposing of cases on the merits whenever possible, the supreme court held that this court had erroneously penalized the parent for "shortcomings of the record" that were not his fault but that of court employees. But, continued the court, "there are plenty of instances where a case can, and should, be decided on purely procedural grounds. Where procedural deficiencies arise out of the neglect of a party, the party can blame only himself for the failure of his case." Id. at ¶ 11. Here, where Hill failed, without excuse, to discharge her duty as counsel to ensure that the juvenile court had a transcript to review, Walling should not be penalized for this shortcoming in the record.
 {¶ 18} The sixth assignment of error is sustained.
 CONCLUSION {¶ 19} Based upon our resolution of the sixth assignment of error, Walling's remaining six assignments of error, in which she asserts that the juvenile court erred in adopting the magistrate's decision, are rendered moot. See App.R. 12(A)(1)(c). The judgment of the juvenile court is reversed. This cause is remanded to the juvenile court to determine whether Walling wishes to proceed with her objection to the magistrate's decision and, if so, to determine whether she wishes to proceed without the assistance of counsel. If appropriate, the court should appoint counsel to assist Walling pursuant to R.C. 2151.352 and Juv.R. 4.
Judgment accordingly.
Painter and Sundermann, JJ., concur.
[1] A transcript of the magistrate's proceedings was first filed in this court on January 12, 2005, but is not part of the record on review. See App.R. 9.